UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LUKE T. WEST**                                                          **CIVIL ACTION**

**VERSUS**                                                                **NO. 15-2512**

**CARRIE L. RIETH, ET AL.**                                               **SECTION I**

**ORDER AND REASONS**

The Court has before it a motion[1] filed by plaintiff, Luke T. West, for alternative service of process as to defendant, Peggy Cuevas ("Cuevas"). The U.S. Attorney's office has filed a response[2] to which plaintiff has filed a reply.[3]

Cuevas was first named as a defendant in plaintiff's first amended complaint[4] and she has not been served with that pleading or with the subsequent second amended complaint.[5] Plaintiff does not articulate any efforts he has made to serve Cuevas. Plaintiff asserts that Cuevas is "currently employed by the United States Army Regional Health Command Europe (US Army RHC Europe) and, pursuant to that employment, is currently located in Sembach, Germany."[6]

Pursuant to Rule 4(f) of the Federal Rules of Civil Procedure:

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
(1)  by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the

---

[1] R. Doc. No. 32.
[2] R. Doc. No. 44.
[3] R. Doc. No. 56.
[4] R. Doc. No. 17.
[5] R. Doc. No. 59.
[6] R. Doc. No. 32-3, at 1.

1

Case 2:15-cv-02512-LMA-SS   Document 65   Filed 01/15/16   Page 2 of 5

       Service Abroad of Judicial and Extrajudicial Documents;

. . . .

    (3)    by other means not prohibited by international agreement, as the court orders.

Germany is a signatory to the Hague Convention, as is the United States. *Otto Candies, LLC v. Drager Safety AG & CO., KgaA*, No. 13-447, 2013 WL 6243957, at *1 (E.D. La. Dec. 3, 2013) (Milazzo, J.). In addition, a federal regulation addresses international service of process on employees of the Department of the Army:

> (b) Process of Federal courts. Service of process on U.S. citizens or residents may be accomplished under the following provisions: The Hague Convention . . . ; Fed. R. Civ. P. 4(i); 28 USC 1781 and 1783; and, the rules of the Federal court concerned. If a DA official receives a request to serve Federal process on a person overseas, he will determine if the individual wishes to accept service voluntarily. Individuals will be permitted to seek counsel. If the person will not accept service voluntarily, the party requesting service will be notified and advised to follow procedures prescribed by the law of the foreign country concerned.

32 C.F.R. § 516.12(b).

Plaintiff proposes alternative service of process on Cuevas "through the United States Attorney's Office and by certified mail directed to the defendant Cuevas's employer."[7] Alternatively, he floats the possibility of service by email.[8] The U.S. Attorney's Office asserts that the United States "is not permitted to waive service of process on [Cuevas's] behalf,"[9] that service must be made consistent with the applicable regulation, and that service by certified mail to a defendant in Germany is unavailable pursuant to the Hague Convention.[10]

The Fifth Circuit has not addressed the standard for ordering alternate service pursuant to

---

[7]R. Doc. No. 32-1, at 1.
[8]R. Doc. No. 56, at 1.
[9]R. Doc. No. 44, at 2.
[10]R. Doc. No. 44, at 3-5, 5-7.

2

Rule 4(f)(3).[11] Two other circuit courts have held that attempted service pursuant to Rule 4(f)(1) or (2) is not a categorical prerequisite before a Court can order service pursuant to Rule 4(f)(3). *See Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *see also Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1237-38 (Fed. Cir. 2010). Rather, the Ninth Circuit held that "Rule 4(f)(3) is an equal means of effecting service of process under the Federal Rules of Civil Procedure, and we commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Props., Inc.*, 284 F.3d at 1016.

When exercising this discretion, some district courts "require the plaintiffs to show that they have reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely to be futile." *Nabulsi v. Nahyan*, No. H-06-2683, 2007 WL 2964817, at *4 (S.D. Tex. Oct. 9, 2007) (Lake, J.) (citation omitted). "'This threshold requirement, although not expressly provided by Rule 4(f)(3), is necessary in order to prevent parties from whimsically seeking alternative means of service and thereby increasing the workload of the courts.'" *Id.* (quoting *Ryan v. Brunswick Corp.*, No. 02-CV-0133E(F), 2002 WL 1628933, at *3 (W.D.N.Y. May 31, 2002)) (alteration omitted); *see also Devi v. Rajapaska*, No. 11-6634, 2012 WL 309605, at * 1 ("Although not explicitly provided for in the Rule, district courts in

---

[11]At most, the Fifth Circuit has noted that the plain language of Rule 4(f) delineates alternative methods of process. *See United States v. 200 Acres of Land Near FM Rio Grande City*, 773 F.3d 654, 659 (5th Cir. 2014) ("Contrary to Dr. Tirado's argument, to comply with Rule 4, the United States was not required to use the method of service laid out in the Hague Convention, but instead could use 'other means not prohibited by international agreement, as the court order[ed].'") (citing Fed. R. Civ. P. 4(f)(3)).

this Circuit generally impose two additional threshold requirements before authorizing service under Rule 4(f)(3): (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary."); 4B Wright & Miller, Federal Practice & Procedure § 1134 (4th ed. 2015) (explaining that Rule 4(f)(3) "permits service in a particular case to be tailored to the necessities of the situation when none of the other methods of service expressly provided for in the rule is satisfactory or likely to be successful").

Plaintiff has not established that the circumstances, "particularities[,] and necessities" of this case warrant an exercise of the Court's discretion to order alternate service of process pursuant to Rule 4(f)(3). In *Rio Properties*, alternate service was warranted because despite extensive efforts the plaintiff was unable to "serve an elusive international defendant, striving to evade service of process." 284 F.3d at 1016. In *Nuance Communications*, alternate service was warranted because service on a Russian defendant through the Hague Convention pursuant to Rule 4(f)(1) was impossible. *See* 626 F.3d at 1237-38. Plaintiff has not demonstrated that any comparable circumstances exist in this case. Accordingly, plaintiff has not persuaded the Court to exercise its discretion and order alternate service on Cuevas pursuant to Rule 4(f)(3).[12]

---

[12]The Court, therefore, does not reach and does not address whether plaintiff's proposals for alternative service would pass muster under the Constitution, the Hague Convention, or any other applicable law.

**IT IS ORDERED** that plaintiff's motion is **DENIED**.

New Orleans, Louisiana, January 14, 2016.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**