UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUKE T. WEST | CIVIL ACTION |
| VERSUS | NO. 15-2512 |
| CARRIE L. RIETH, ET AL. | SECTION I |

### ORDER AND REASONS

The Court has before it a motion[1] filed by plaintiff, Luke T. West ("West"), for reconsideration of the Court's December 22, 2015 order and reasons[2] granting a motion filed by the United States of America to dismiss defendants, Carrie L. Rieth ("Rieth"), Erin E. Parrott ("Parrott"), Rachel J. Allen ("Allen"), and Kendra L. Johnson ("Johnson") (collectively, the "Federal Defendants") and to substitute the United States of America as a defendant in their place. The United States opposes the motion for reconsideration.[3]

Rule 54(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that any interlocutory order that does not fully resolve all claims, such as this Court's December 22, 2015 order and reasons, "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The general practice of courts in this district has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09–4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.); *accord Bernard*

---

[1] R. Doc. No. 61.
[2] R. Doc. No. 57.
[3] R. Doc. No. 64.

1

*v. Grefer*, No. 14–887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.).[4]

A motion to alter or amend a judgment filed pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc).

> A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law.

*Jupiter v. BellSouth Telecomms., Inc.*, No. 99–0628, 1999 WL 796218, at *1 (E.D. La Oct. 5, 1999) (Vance, J.). "The Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Plaintiffs may not use a Rule 59 motion to merely revisit issues that were decided against them. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) ("[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been

---

[4] "Although there may be circumstances in which a different standard would be appropriate," *Castrillo*, 2010 WL 1424398, at *4 (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–16 (4th Cir. 2003)), the parties have not argued that any other standard should apply, and the Court finds that there are no circumstances in this matter that warrant a deviation from this general practice.

offered or raised before the entry of judgment.") (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)); *see also Arceneaux v. State Farm Fire & Cas. Co.*, No. 07–7701, 2008 WL 2067044, at *1 (E.D.La. May 14, 2008) (Feldman, J.) ("Rule 59 motions should not be used to relitigate old matters, raise new arguments, *or submit evidence that could have been presented earlier in the proceedings.*") (emphasis added).

Having reviewed West's motion for reconsideration, the Court is not persuaded that relief is warranted. First, West identifies no manifest error of law. He contends that the Court applied an incorrect burden of proof and should defer any factual disputes inherent in review of the U.S. Attorney's certification to the jury, citing *Arbaugh v. Y&J Corp.*, 546 U.S. 500 (2006). *Arbaugh* did not involve Westfall Act certification and it is not pertinent to the specific issues in this case. West articulates no error in the Court's application of *Osborn v. Haley*, a post-*Arbaugh* decision expressly holding that the Westfall Act certification is effective and the United States "must remain the federal defendant in the action unless and until the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." *See* 549 U.S. 225, 231 (2007) (emphasis in original).

Second, West attempts to supplement the record with factual materials he could have submitted in connection with his original opposition to the government's motion. At all times, it was clear that West had the burden to show that the Federal Defendants' conduct was not within the scope of their employment. *White v. United States*, 419 F. App'x 439, 442 (5th Cir. 2011). Furthermore, the government addressed the factual materials West submitted and it challenged their sufficiency.[5] Having had ample opportunity to provide whatever factual material he could muster

---

[5]*See, e.g.*, R. Doc. No. 23, at 5.

to establish that the Federal Defendants were acting outside the course and scope of their employment with the Marine Corps, interests of finality weigh against allowing West a second bite at the apple.[6]

In sum, the Court is not persuaded that any manifest injustice or other circumstance warrants reconsideration. Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, March 14, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[6] The Court also notes that although West now requests discovery, he previously disclaimed any request for discovery, R. Doc. No. 27, at 3-4, and he never requested discovery prior to the motion for reconsideration being filed.