UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUKE T. WEST | CIVIL ACTION |
| VERSUS | No. 15-2512 |
| CARRIE L. REITH ET AL. | SECTION I |

### ORDER & REASONS

Before the Court is plaintiff Luke T. West's ("West") motion[1] for relief from this Court's December 22, 2015 order and reasons[2] pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Defendant, the United States of America, filed a response in opposition to the motion.[3] For the following reasons, the motion is denied.

**I.**

On July 9, 2015, West filed this lawsuit against defendants Carrie L. Reith ("Reith"), Erin E. Parrott ("Parrott"), Rachel J. Allen ("Allen"), and Kendra L. Johnson ("Johnson") (collectively, the "individual defendants").[4] At all times relevant to the Court's order and reasons, West was a member of the United States Marine Corps.[5] In his complaint, West alleged that the individual defendants, who were also members of the United States Marine Corps, conspired and falsely accused West of sexual assault and sexual harassment.[6] As a result of the allegations, investigations

---

[1] R. Doc. No. 122.
[2] *See* R. Doc. No. 57; *see also West v. Reith*, 152 F. Supp. 3d 538 (E.D. La. 2015).
[3] R. Doc. No. 127.
[4] *See* R. Doc. No. 1.
[5] R. Doc. No. 57, at 1.
[6] R. Doc. No. 1, at 5–10.

ensued, and West was court-martialed with respect to the allegations lodged by Reith, Parrott, and Allen.[7] West was found not guilty of the sexual assault and harassment charges arising out of the allegations, but he was found guilty of obstruction of justice and maltreatment of a subordinate.[8]

On August 27, 2015, the individual defendants filed a motion[9] to dismiss West's claims against them for lack of subject matter jurisdiction and to substitute the United States as the sole federal defendant pursuant to the Westfall Act, 28 U.S.C. § 2679(a), which gives federal employees "absolute immunity from common-law tort claims arising out of the acts they undertake in the course of their official duties."[10] Specifically, the individual defendants argued that they were federal employees "operating in the course and scope of their federal employment at the time of the incidents complained of."[11] Former United States Attorney for the Eastern District of Louisiana Kenneth Allen Polite, Jr., certified, pursuant to 28 U.S.C. § 2679(d)(2) and 28 C.F.R. § 15.4, that the individual defendants were acting in the course and scope of their employment.[12]

West filed an opposition to the motion, along with over 300 pages of exhibits, arguing that the individual defendants were not acting within the course and scope of their employment because their alleged tortious acts were not "employment rooted"

---

[7] R. Doc. No. 57, at 1. The allegations made by Johnson were dismissed as not credible. *Id.*
[8] *Id.* at 2; R. Doc. No. 122-1, at 2.
[9] R. Doc. No. 6, at 1.
[10] R. Doc. No. 57, at 3 (quoting *Osborn v. Haley*, 594 U.S. 225, 229 (2007)).
[11] R. Doc. No. 6-1, at 2.
[12] *Id.* at 3; R. Doc. No. 6-3.

2

or incidental to the performance of their duties as service members of the United States Marine Corps.[13] West further argued that the individual defendants' alleged actions fell outside of the Westfall Act's immunity provisions, pursuant to 28 U.S.C. § 2680, which excepts "claims arising out of assault, battery, . . . malicious prosecution, abuse of process, libel, slander, misrepresentation, [and] deceit . . . ."[14]

The individual defendants filed a reply to West's opposition, specifically asserting that the U.S. Attorney's certification was appropriate because "a determination had been made by the appropriate federal officials that there was enough credible evidence that the [individual defendants] were the victims of workplace sexual harassment and/or sexual assault to refer charges to the General Court martial."[15] West filed a sur-reply, specifically arguing that he made "specific and detailed factual allegations" in his complaint that support his claims that the individual defendants falsely accused him of sexual assault and sexual harassment.[16]

On December 22, 2015, after considering the parties' extensive briefing, the Court issued its order and reasons, granting the individual defendants' motion to dismiss and allowing the individual defendants to substitute the United States as the sole federal defendant.[17] The Court specifically addressed West's contention that the individual defendants' alleged tortious conduct was outside the course and scope of

---

[13] R. Doc. No. 10, at 20–21; *see* R. Doc. Nos. 10-1–10-24.
[14] R. Doc. No. 10, at 23–24 (quoting 28 U.S.C. § 2680(h)).
[15] R. Doc. No. 23, at 5.
[16] R. Doc. No. 27, at 4.
[17] R. Doc. No. 57, at 15.

their employment because their allegations were false.[18] The Court found that West had not met his burden "to establish that, as a factual matter, the allegations against him were *false*," such that the alleged conduct would fall outside of the course and scope of the individual defendants' employment.[19]

On January 5, 2016, West filed a motion for reconsideration of the Court's order and reasons and, specifically, its finding that West did not meet his burden as set forth above.[20] Along with his motion for reconsideration, West submitted "additional evidence to specifically contest the Government's implicit position that a proper determination by the appropriate federal officials, as well as a reporting requirement contained within the Federal sexual assault/sexual harassment policy amongst its employees, implicitly suggests the credible nature of the allegations."[21] West also requested an evidentiary hearing and limited discovery in connection with his motion.[22] The United States filed a response in opposition to West's motion for reconsideration.[23]

On March 14, 2016, the Court denied West's motion for reconsideration, finding that West had not identified any manifest error of law in the Court's order and reasons.[24] The Court also observed that West was using the motion for reconsideration as an opportunity to submit additional evidence when West knew

---

[18] R. Doc. No. 57, at 8 (citing R. Doc. No. 10, at 20–21).
[19] *Id.* at 8–9.
[20] *See* R. Doc. No. 61.
[21] *Id.* at 2.
[22] R. Doc. No. 61-1, at 19–23.
[23] *See* R. Doc. No. 64.
[24] R. Doc. No. 80, at 3.

4

that he had the burden of establishing that the individual defendants' conduct was not in the course and scope of their employment, and that he had ample opportunity to do so, while the motion to dismiss was pending.[25] This Court denied West a "second bite at the apple."[26]

Subsequently, with respect to the remaining claims asserted against them, the defendants filed a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[27] On June 24, 2016, the Court granted the motion to dismiss.[28] On July 7, 2016, the United States, as the only remaining defendant, moved the Court to dismiss the action for lack of subject matter jurisdiction.[29] At a July 11, 2016 status conference, West represented to the Court that he had no opposition to the United States' motion to dismiss and, therefore, the Court granted the United States' motion to dismiss without prejudice, reserving West the right to appeal all previous orders of the Court.[30] Thereafter, on July 12, 2016, the Court issued its final judgment in favor of all defendants and against West.[31] On August 11, 2016, West filed a notice of appeal specifically asking the United States

---

[25] *Id.* at 3–4.
[26] *Id.* at 4.
[27] R. Doc. No. 85. West had amended his complaint twice to assert *Bivens* claims against additional defendants Peggy Cuevas, Lindsay Bartucco, and Shanda Stucker, R. Doc. No. 17, at 7, as well as Reith and Parrot. R. Doc. No. 59, at 2.
[28] *See* R. Doc. No. 102.
[29] *See* R. Doc. No. 103.
[30] R. Doc. No. 104, at 1.
[31] *See* R. Doc. No. 105.

5

Fifth Circuit Court of Appeals to review this Court's December 22, 2015 order and reasons.[32]

While his appeal of the above-captioned matter was pending, on May 5, 2017, West filed a separate lawsuit against the United States Department of Defense seeking collateral review of West's military courts-martial convictions.[33] That lawsuit was transferred from another section of this Court to the undersigned as it related to the above-captioned matter.[34]

On May 9, 2017, West moved this Court to again reconsider its December 22, 2015 order and reasons.[35] However, he withdrew the motion two days later.[36]

On July 10, 2017, the Fifth Circuit issued its opinion affirming this Court's judgment. *See West v. Reith*, 705 F. App'x 211 (5th Cir. 2017), *cert. denied* 138 S. Ct. 1546 (2018). The Fifth Circuit specifically affirmed the Court's December 22, 2015 order and reasons, stating that "[t]he district court correctly determined that West had not proved by a preponderance of the evidence that the U.S. Attorney's certification was incorrect." *Id.* at 213. The Fifth Circuit further held that this Court did not abuse its discretion when it denied West's motion for reconsideration. *Id.* at 215.

---

[32] *See* R. Doc. No. 106. West also appealed the Court's denial of his motion for reconsideration, as well as the Court's order as to the defendants' Rule 12(b)(6) motion to dismiss. *Id.* Curiously, West does not mention his motion for reconsideration or his appeal of this Court's December 22, 2015 order and reasons when discussing the procedural history of this case in his motion.
[33] *West v. Dep't of Defense*, No. 17-4746, R. Doc. No. 1, at 1–2 (E.D. La.).
[34] *West v. Dep't of Defense*, No. 17-4746, R. Doc. No. 3.
[35] R. Doc. No. 111.
[36] *See* R. Doc. Nos. 115 & 116.

On August 8, 2017, in West's second lawsuit before this Court, the Department of Defense filed a motion to dismiss for lack of jurisdiction or, alternatively, for failure to state a claim.[37] After extensive briefing by both parties, the parties consented to transferring the case to the United States Court of Federal Claims ("Court of Federal Claims").[38] The case was transferred on October 20, 2017.[39]

On September 7, 2018, the United States of America filed a motion for summary judgment and a motion for judgment on the administrative record before the Court of Federal Claims.[40] The United States specifically argued, in part, that West was precluded from relitigating whether the individual defendants in the above-captioned matter falsely accused him of sexual assault and harassment based on this Court's order and reasons and the doctrine of collateral estoppel.[41] West subsequently filed a cross motion for judgment on the administrative record and an opposition to the United States' motion.[42]

On July 26, 2019, the Court of Federal Claims granted the United States' motion for summary judgment and its motion for judgment on the administrative record, and it denied West's motion for judgment on the administrative record.[43] Relevant to the instant motion, the Court of Federal Claims held that West was

---

[37] *West v. Dep't of Defense*, No. 17-4746, R. Doc. No. 12.
[38] *West v. Dep't of Defense*, No. 17-4746, R. Doc. Nos. 33, 35, & 38; *see West v. United States*, No. 17-2052 (Fed. Cl.).
[39] *West v. Dep't of Defense*, No. 17-4746, R. Doc. Nos. 38 & 39; *see West v. United States*, No. 17-2052 (Fed. Cl.).
[40] *See West v. United States*, No. 17-2052, R. Doc. No. 40 (sealed).
[41] *Id.* at 26–30 (sealed).
[42] *See West v. United States*, No. 17-2052, R. Doc. No. 53 (sealed).
[43] *See West v. United States*, No. 17-2052, R. Doc. No. 79 (sealed).

7

collaterally estopped from relitigating the issue of whether he was falsely accused of sexual assault and harassment by the individual defendants, finding that West had fully litigated said issue before this Court.[44]

West now moves this Court for a third bite at the apple, this time pursuant to Rule 60(b), seeking relief from the Court's almost four-year-old order and reasons.[45]

## II.

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final judgment, order, or proceeding in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

---

[44] *West v. United States*, No. 17-2052, R. Doc. No. 79, at 19 (citing *West*, 152 F. Supp. 3d at 541–546) (sealed).

[45] The Court questions whether West's motion is timely filed. Motions brought pursuant to Rule 60(b) must be made within a reasonable time. Fed. R. Civ. P. 60(c). The Court's order and reasons was issued over three-and-a-half years ago. The Court also questions whether West could have anticipated that the Court of Federal Claims would find this Court's reasoning to have a preclusive effect on the lawsuit before that court and whether West could have filed an earlier motion. However, the United States did not brief this issue in its response to West's motion, so the Court will not decide this issue.

8

Fed. R. Civ. P. 60(b). Rule 60(b) relief is "uncommon" and "will be afforded only in 'unique circumstances.'" *Lowry Dev., L.L.C. v. Groves & Assocs. Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (quoting *Wilson v. Atwood Group,* 725 F.2d 255, 257, 258 (5th Cir. 1984)). "The Rule is to be 'liberally construed in order to do substantial justice,' but at the same time, 'final judgments should [not] be lightly reopened.'" *Lowry Dev., L.L.C.*, 690 F.3d at 385 (citation omitted).

When deciding whether to grant relief under Rule 60(b), the Court may consider several factors:

> (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgement was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

*Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)).

West specifically seeks relief from this Court's order and reasons pursuant to Rule 60(b)(6), which permits a court to grant relief from an earlier judgment for "any other reason that justifies relief" besides those articulated in clauses (1) through (5). Fed. R. Civ. P. 60(b)(6). This clause "provides a grand reservoir of equitable power to

9

do justice in a particular case." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995) (citation omitted). However, relief may only be granted "if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). "[T]he movant must show 'the initial judgment to have been manifestly unjust.'" *Edward H. Bohlin*, 6 F.3d at 357.

### III.

West argues that relief is warranted under Rule 60(b)(6) for three reasons. First, he argues that the Court of Federal Claims' decision in *West v. United States* "made a patent error in its interpretation of this Court's" order and reasons.[46] Second, he argues that relief from this Court's order and reasons will not have an effect on the finality of this Court's final judgment in this matter.[47] Finally, West asserts that relief under Rule 60(b)(6) will not cause any unfair prejudice to the United States.[48] West has failed to show that any one of these reasons justifies relief under Rule 60(b)(6).

### A.

West asserts that this Court should provide him relief from the "preclusive effects" of its order and reasons because the Court of Federal Claims "made a patent error in its interpretation" of this Court's order and reasons. West does not argue, however, that this Court erred in **its** order and reasons and, in fact, admits that the

---

[46] R. Doc. No. 122-2, at 10.
[47] *Id.*; *see* R. Doc. No. 105.
[48] R. Doc. No. 122-1, at 11.

10

individual defendants' alleged tortious conduct, i.e. their allegations, "were arguably within the scope of the accusers' employment under applicable Louisiana law."[49] West makes the conclusory assertion that extraordinary circumstances exist, and that manifest injustice will occur if this Court does not revisit its order and reasons.

West argues that an appeal of the Court of Federal Claims' judgment, of which he intends to avail himself, would be "unduly burdensome."[50] However, he fails to explain how such an appeal would be more burdensome than any other appeal customarily filed by any aggrieved party. West's grievances are more appropriately directed at the Court of Federal Claims or its reviewing court, the United States Court of Appeals for the Federal Circuit. As stated previously, Rule 60(b) is not to be used as a substitute for appeal. West has not demonstrated extraordinary circumstances or manifest injustice in connection with his first argument that would entitle him to relief under Rule 60(b)(6).

**B.**

Second, West argues that relief from this Court's order and reasons will not have any effect on the finality of this Court's July 12, 2016 judgment. The Court disagrees.

West argues that, "after re-opening and re-considering all of the evidence put before the Court in this matter," this Court can maintain its judgment by finding the basis of its dismissal "on factors other than any factual determination of the truth or

---

[49] *Id.*
[50] *Id.*

falsity of the allegations of sexual assault and sexual harassment."[51] However, West has not articulated how the Court might reach the same conclusion without considering the truth or falsity of the individual defendants' allegations, he has not directed the Court to specific evidence that it might reconsider, and West has not specifically challenged this Court's reasoning or its conclusion.[52] As mentioned previously, this Court's order and reasons has already been revisited twice, once by this Court on West's motion for reconsideration and later by the Fifth Circuit affirming this Court's decision.

For reasons articulated by the government, as well as those reasons stated herein, "Rule 60(b)(6) will not be used to relieve a party from the 'free, calculated, and deliberate choices he has made.'" *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (quoting *Edward H. Bohlin*, 6 F.3d at 357). West's second basis for relief is unavailing as he has not demonstrated manifest injustice or extraordinary circumstances that would warrant relief under Rule 60(b)(6).

## C.

Finally, West argues that no unfair prejudice would befall the United States if he is granted relief under Rule 60(b). West asserts that relief in his favor would simply require the United States to "fairly contest" the issue of whether the

---

[51] *Id*.

[52] "At this point, after further consideration of all of the evidence, plaintiff hereby acknowledges that, notwithstanding the clear falsity of allegations of sexual assault and sexual harassment against him, said allegations were arguably within the scope of the accusers' employment under applicable Louisiana law." *Id*. at 10–11.

individual defendants' allegations were false.[53] As previously demonstrated, West has involved the United States in years of litigation, repeatedly challenging this Court's determination that West did not meet his burden of demonstrating that the individual defendants' allegations were false and outside the scope of their employment. These issues were fully briefed by the United States in the first instance. West does not provide any legitimate argument or legal authority to demonstrate how or why this Court could or should modify its order and reasons. West, not respecting the finality of judgment, seeks to reopen issues that have been fully litigated and which would require the United States to expend additional resources defending this Court's order and reasons already affirmed by the Fifth Circuit. The Court finds that such request would cause unfair prejudice to the United States.

## IV.

Having considered each of West's arguments and all of the relevant Rule 60(b) factors, the Court is unpersuaded that West has provided any persuasive reasons for the Court to exercise its discretion and grant him relief from its December 22, 2015 order and reasons.

---

[53] *Id.* at 8–9.

Accordingly,

**IT IS ORDERED** that West's motion is **DENIED.**

New Orleans, Louisiana, August 19, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**